**PANKEY LAND AND CATTLE COMPANY, on behalf of itself and all others similarly situated, Appellant,**

v.

**Clifford M. HARDIN, The Secretary of Agriculture of the United States of America, Appellee.**

**PANKEY LAND AND CATTLE COMPANY, on behalf of itself and all others similarly situated, Appellant,**

v.

**Walter J. HICKEL, The Secretary of the Interior of the United States of America, Appellee.**

**Nos. 352–69, 353–69.**

United States Court of Appeals,
Tenth Circuit.

June 1, 1970.

James L. White and William J. Carney, Jr., Denver, Colo. (George T. Harris, Jr. and Modrall, Seymour, Sperling, Roehl & Harris, Albuquerque, N. M., of counsel on the brief), for appellant.

Thomas L. McKevitt, Dept. of Justice, Washington, D. C. (Shiro Kashiwa, Asst. Atty. Gen., Victor R. Ortega, U. S. Atty., John A. Babington, Asst. U. S. Atty., Albuquerque, N. M., and S. Billingsley Hill, Dept. of Justice, Washington, D. C., with him on the brief), for appellees.

Before PICKETT, Senior Circuit Judge, HILL and HICKEY, Circuit Judges.

HICKEY, Circuit Judge.

Appellant livestock operators sought judicial review of administrative action taken by the Secretary of the Interior and the Secretary of Agriculture. The trial court found the relief sought was available only through legislative or executive channels and dismissed the claim on its merits.

The issue presented is whether the federal administrative agencies, which by virtue of statute have been delegated power to establish "reasonable" grazing permit fees, exceed their authority when they do not consider certain relevant actual costs in order to establish a fee increase.

The appellant Pankey Land & Cattle Company, a ranching corporation in New Mexico, sues for itself and those similarly situated in a consolidated class action. The claims are directed against the Secretary of the Interior, who is the chief officer of the executive branch of government in charge of public grazing lands administered by the Bureau of Land Management, and the Secretary of Agriculture, a similarly situated officer in charge of the National Forests who administers livestock grazing thereon. Each officer sets fees pursuant to the statutory authority vested in him.

The basis of the fee increase by each agency was the "Western Livestock Grazing Survey," undertaken during 1966. The results of the survey suggested a grazing fee increase to $1.23 per Animal Unit Month (A.U.M.).

In November, 1968, both agencies adopted a new fee schedule increasing the fees by gradual fee hikes over a 10 year period to accomplish the total suggested by the survey. The 1969 fee was accordingly set at 44 cents per A.U.M. The 1968 fee set by the Bureau of Land Management was 33 cents per A.U.M. and the fee on Forest Service land was 51 cents per A.U.M. The difference between the pasture fees on private lands as compared with public lands was used by the survey as a comparison by which fee increases were justified.

The foregoing element of the survey is attacked because the estimate of costs on public pastures does not include an interest charge on the capital investment made on public pastures by the permittees pursuant to 43 U.S.C. § 315c, nor on the investment made in a grazing permit.

Parties to the litigation agree that there is legislative authority for establishing a reasonable fee. The Secretary of the Interior's authority is derived from 43 U.S.C. § 315b and the Secretary of Agriculture relies on 16 U.S.C. §§ 551 and 580l. See Light v. United States, 220 U.S. 523, 31 S.Ct. 485, 55 L. Ed. 570 (1911). Each secretary undertook the fee change pursuant to the directive of 31 U.S.C. § 483a.

The jurisdictional allegations of the claim and the pretrial order indicate that this is in the nature of judicial review of an act of a federal agency. The proceedings are not specifically authorized by statute in relation to the agency action complained of but are based upon general statutory review provisions, 28 U.S.C. §§ 1331, 1332, 1337, 1361 and 2201, 5 U.S.C. § 702, and the allegation that grazers are being deprived of property without due process of law under the fifth amendment of the Constitution.

The theory is identified in 81 Harv. L.Rev. 308 at 322 (1967–68) as nonstatutory judicial review and judicial review under the Administrative Procedure Act.

The central issue upon which the arguments are focused is the scope of the discretion or power delegated to the Secretary of the Interior and the Secretary of the Department of Agriculture.

The sections granting the authority are not challenged herein but the discretion exercised by the officers in failing to consider elements which would effect the value spread between public grazing fees and private grazing fees is challenged.

Although the rule laid down in Larson v. Domestic and Foreign Commerce

Corp., 337 U.S. 682, 69 S.Ct. 1457, 93 L.Ed. 1628 (1949) has been criticized by many writers,[1] this court adopted it in Cotter Corp. v. Seaborg, 370 F.2d 686 (10th Cir. 1966). Therefore we must examine the record to determine if the secretaries were acting within the scope of their Congressionally delegated duties. If they were, their actions are the sovereign's actions and thereby immune from review by a federal court.

As related above, there is complete accord that the statutory authority for setting fees exists. The question determined by the trial court was that the fees based upon the 1966 survey were reasonable and not illegal nor in conflict with the secretaries' statutory authority.

■ It is contended by appellants that their vested interest in the permits is not considered in the survey and, therefore, it was an illegal basis for the graduated increase in the fees.

As this court has previously held, "Although the permits are valuable to the ranchers, they are not an interest protected by the Fifth Amendment against the taking by the Government who granted them with the understanding that they could be withdrawn * * * without the payment of compensation." United States v. Cox, 190 F.2d 293, 296 (10th Cir.) cert. denied, 342 U.S. 867, 72 S.Ct. 107, 96 L.Ed. 652 (1951). The nature of the permit as above related was recently affirmed by this court. Porter v. Resor, 415 F.2d 764, 766 (10th Cir. 1969).

The foregoing establishes the lack of a recognizable interest in the permit, and therefore the claim must rest upon the contention that the officers abused their discretion.

This court said, "[the] abuse of discretion does not impose liability on the United States." United States v. Morrell, 331 F.2d 498, 502 (10th Cir.) cert. denied,

Chournos v. United States, 379 U.S. 879, 85 S.Ct. 146, 13 L.Ed.2d 86 (1964).

In the light of the foregoing and absent a Congressional declaration in the Taylor Grazing Act establishing the right to review these administrative actions as here contended for by appellants, we must affirm the trial court.

■ We note, however, that executive intervention has stayed the hand of the fee collector and a moratorium now prevails denying further graduated increase. We also note that pending cases in this circuit were considered at staff level on the issue of grazing fee structure. Letter to Honorable Lee Metcalf, United States Senate, December 23, 1969, reproduced in the Congressional Record. 116 Cong.Rec. E5 [Extension of Remarks, daily ed. Jan. 19, 1970]. It would seem the relief sought from the courts is made moot by the executive intervention.

The trial court is affirmed.

Affirmed.

---

**I.** Byse and Fiocca, Section 1361 of the Mandamus and Venue Act of 1962 and "Nonstatutory" Judicial Review of Federal Administrative Action, 81 Harv.L. Rev. 308 at 338 (1967–68).